**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARI KAHN,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-73544<br><br>Agency No. A096-397-085<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2013**
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Ari Kahn petitions for review of the Board of Immigration Appeals' decision

denying his application for adjustment of status. We have jurisdiction under 8

U.S.C. § 1252 and deny the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kahn challenges the BIA's conclusion that he failed to maintain "a lawful status" for over 180 days. *See* 8 U.S.C. § 1255(k). Even if we were to accept Kahn's arguments that he maintained a lawful status while his application for extension of status was pending and while his application for adjustment of status was pending, he still failed to maintain lawful status for a period exceeding 180 days.

Kahn also argues that the 180-day time limit under § 1255(k) is subject to equitable tolling and should be tolled in his case. Even assuming that Kahn did not waive his equitable tolling argument—and even if we were to accept Kahn's arguments that the period of failing to maintain lawful status was tolled by Kahn's filing an application for extension of status, by DHS's failure to provide Kahn with notice of its decision denying extension,[1] and by Kahn's applying for adjustment of status—Kahn still failed to maintain a lawful status for a period exceeding 180 days. Remand to the BIA to consider the issue of equitable tolling would thus be futile.

Finally, the BIA did not err in streamlining the appeal since, even if Kahn raised the issue, the BIA would not have needed to decide whether equitable tolling

[1]At best, any failure by DHS to provide Kahn with notice of its decision could only toll the period until Kahn was served with a Notice to Appear since this would have put him on notice that his application for extension of status had been denied.

applied, and thus the issues the BIA actually needed to reach were not novel. *See* 8

C.F.R. § 1003.1(e)(4)(i).

      PETITION DENIED.